His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Plaintiff claims from defendant the sum of $190 under the following circumstances:
On April 11th, 1914, P. Rivers Richardson, an attorney-at-law, received from defendant a cneck for $3,500 for which he receipted as follows: “Received of Col. J. L. Bradford check for $3,500 on Citizens’ Bank for investment in note of Mrs. Lallande.”
On April 13th, Mrs. Leonide Lallande executed her note to the order of and endorsed by herself for $3,800 payable December 1st, with interest at 8 per cent from date until paid.
On April 15th, plaintiff, Gaston Cabiro, 'executed his note to the order of 'Citizens’ Bank for account of defendant, -for $3,800, payable also December 1st with interest from maturity until paid; and on the same day Richardson paid plaintiff (Cabiro) the sum of $3,410 by check.
Richardson then personally endorsed and guaranteed the note drawn by Cabiro, by signing his name to that effect upon the back thereof; and on April 16th, delivered both notes to defendant,, having first written upon the back of the Cabiro note the following: “Secured by note of Mrs. Leonide Lallande for $3,800;” and on the same day Richardson received defendant’s check for $133.70 additional to the $3,500 previously received.
On November 27th Mrs. Lallande paid to defendant ttte full face value of her note with 8 per cent interest from date, in all $3',990, that is to say $3,800 in capital and $190 in interest.
And thereupon defendant surrendered to her both notes after writing upon the back of the Lallande note the following: “Paid principal and interest in full this day;”' *126 ¡and upon the back of the Qabiro note the following: “The note for which this note was given as collateral security having this day been .paid in full in capital and interest, this note is now surrendered.”
Richardson testifies that he discounted the Cabiro note, and discounted it for 'Cabiro’s account; that he accounted to Cabiro for said note as,follows; that is, by deducting therefrom interest at 8 per cent amounting to $190, and $200 due him by Cabiro for fees, that is to say $390, which, with the check for $3410 made up the sum of $3,800 the full value of said note at maturity.
He further testified that he discounted said note with defendant for the net sum of $3,633.70 represented by two checks, one for $3,500 and one for $133170, and that the difference between said $3,633.70 and the face value of said note ($3,800) amounting to $166.30, represents the discount en said note at 8 per cent, to-wit $190, less a commission of 1 per cent, ef $23.70, allowed him by defendant for procuring said investment.
So that if Richardson’s account be correct, the defendant discounted the Cabiro note and for his investment of $3,’63S.70 was to get in return the sum of $3,800, thus earning 8 per cent gross, or 7 per cent net, upon the investment.
Defendant claims, however, that he simply bought the Lallande note for the aforesaid sum of $3,633.70, and merely accepted the Cabiro note-as additional security; and since the Lallande note bore interest from date and therefore amounted to $3,990 at maturity (that is $3,800 capital and $190 interest the returns upon his investment would then be $356.30 (that is $166.30 net discount and $190 current interest) equal to 15 per cent net upon his investment, that is 7 per cent net discount and 8 per cent current interest.
*127 Opinion and decree, January 3rd, 1916,
If defendant bought the Cabiro note, secured by the Lallande note, then the excess value of the latter over tile former, .amounting to $190, belongs to plaintiff.
If defendant bought the Lallande note, secured by the Cabiro note, then the full proceeds of the former note belong to the defendant and he owes plaintiff nothing.
The evidence, as we have said, is conflicting, and in this conflict of testimony, the District Judge resolved the facts in favor of plaintiff.
Even if the case depended solely upon the appreciation of the parol testimony, we would find it difficult to assign any good reasons for differing with the trial Judge.
But the case does not depend on this alone. Two circumstances favor the same conclusion.
The first is the endorsement which stood upon the Cabiro note during all the time that it remained in defendant’s possession, to the effect that the Lallande note was only given as security for the Cabiro note.
This alone is certainly not conclusive against defendant but it is at least corroborative of the version given by Bichardson. (C. C., 2248-50.)
The other circumstance is that usurious contracts, although sustainable under certain forms, are yet not favored contracts in any form; and whoever seeks to enforce such a contract ought to make orit a very strong case. It goes always against the judicial conscience to enforce harsh bargains. In dubus semper quod minimumest sequimur. Hennem’s Digest, Vol. 2, p. 1012, No. 10. See also 39 Cyc., 891-892, Verbo Usury, Section “Oppress sive Contracts.”
The judgment appealed from is correct.
Judgment affirmed.